Washburn, J.
In this action J. Milton Sheaffer, defendant in error, sued A. A. Wybel, plaintiff in error, on several promissory notes.
According to the record, summons was duly served on Wybel on July 27, 1918.
*468 Default judgment was entered on September 3, 1918.
On September 5, 1918, an oral application was made to the court by the attorney for Wybel to vacate said judgment.
A hearing was had on said motion, on September 9th it was overruled, to which ruling an exception was taken, and the matter is now before this court on a petition in error.
A court has control of its judgments and decrees up to the end of the term at which they are entered. It may, at its discretion, for good cause shown, set aside and vacate its judgments or modify them. Huntington & McIntyre v. Finch & Co., 3 Ohio St., 445; Knox County Bank v. Doty et al., 9 Ohio St., 505; Niles v. Parks et al., 49 Ohio St., 370; Marguno and Tomfocaro Co. v. Clymonts, 10 O. C. D., 427; Seelbach v. Craft, 21 C. C., N. S;, 158.
The discretion vested in a court to vacate or modify its judgments during the term is a legal discretion and can not be exercised in an arbitrary manner, or at the mere desire of the court; a justifiable cause for such action must exist. French Wax Figure Co. v. Jupp Baxter Co., 12 O. C. D., 76.
This power of the court is independent of Section 11631, General Code, which governs where it is sought to vacate or modify a judgment after term. (Van Camp v. McCulley, Trustee, 89 Ohio St, 1.) While the power of the court over its judgments during the term is inherent and plenary, still a judgment can not be set aside except for good cause shown.
*469 One or more of the grounds set forth in Section 11631 would constitute a good cause, but the court is not limited to such grounds; a court may act upon any other ground which in the exercise of a sound discretion it may deem sufficient.
It follows that the control of a reviewing court over this discretion of a lower -court is limited to cases where an abuse of discretion is clearly shown.
The controlling question for us to determine, having in mind these well-settled principles of law, is: Does an examination of the record in this case disclose an abuse of discretion on the part of the trial court in overruling the motion to set aside the default judgment in question?
No written motion was filed and none of the grounds set forth in Section 11631, General Code, existed or was claimed.
The claimed “good cause” for setting aside the judgment grows out of the following facts: Before answer day, the attorney for Wybel, being busy in patriotic work, asked the attorney for Sheaffer “if he would object to time being granted for pleading, and he said he did object to it and wouldn’t grant a minute.” The attorney for Wybel then had a talk with one of the judges in the hall of the courthouse about further time, and reported to the attorney for Sheaffer that time to plead had been extended a week, and the attorney for Sheaf-fer “didn’t seem rejoiced over the matter, but said nothing, only he looked rather displeased; peeved, so to speak.”
No entry extending time to plead was made by the court, but the attorney for Sheaffer observed the reported extension of a week’s time, which, if *470 it was an extension, was irregularly made, in his absence, without his knowledge, and when it was known that he would object if given an opportunity. After the expiration of the extension the default judgment was entered.
A situation was thus presented in which perhaps it would not have been an abuse of discretion if the court had granted the motion, but the matter as presented to the court was peculiarly a discretionary matter.
When the application was made to set aside the judgment, the judge to whom it was made recognized that the attorney for Sheaffer was in no wise at fault, and justified in insisting upon the rights of his client, but that the time between the answer day and the entry of default was short and there was some merit in the excuse of the attorney for Wybel, and accordingly the judge considered the proposed answer of Wybel and heard testimony as to the merits of the controversy and concluded, in view of the doubt there was as to there being any real merit in the proposed defense of Wybel, to exercise his discretion in refusing to grant the motion.
Under all the circumstances, we can not say that he abused his discretion.
It is suggested that the taking of a default without an affidavit being filed showing that the defendant was not in the military service was a good ground for granting the motion for setting aside the judgment.
As to this suggestion it is sufficient to observe that no such ground was presented to the court below, that the record shows that Wybel was in court and testified at the hearing on the motion, *471 and that it is not claimed that he was in fact or ever had been in the military service. Moreover, the record discloses that Wybel had appeared and was represented by counsel in the case before the default was taken. The federal statute requiring guch affidavit is for the protection of those in the military service.
'Judgment affirmed.
Dunlap and Vickery, JJ., concur.