## LICHT ET AL. *v.* WOERTZ.

(Decided February 25, 1929.)

*Messrs. Boer, Arnold & Tobias,* for plaintiffs in error.

*Mr. L. S. Mills,* for defendant in error.

Sullivan, J. This is a proceeding in error to the court of common pleas of Cuyahoga county wherein the judgment of that court is sought to be reversed on the ground that the court treated issues that were only legal as equitable causes of action, and that this was a departure from the pleadings, prejudicial, because contrary to law. There were two causes of action. The first cause was for damages because of the maintenance of a driveway and apron constructed in front of the garage owned by Jacob Licht and Eva Licht, defendants below, so that the water remained thereon, and, seeping below the driveway, which was constructed of crushed stone, flowed into the cellar on the premises of the plaintiff below, Pauline Woertz, causing injury thereto.

The second cause of action was based upon an encroachment beyond the line of defendants' property to the property of the plaintiff. A jury trial was waived and the case was tried to the court, sitting as a jury, and at the conclusion the following entry by the court was made June 7, 1928.

"This cause came on to be heard on the petition of plaintiff and answer of defendants and upon the evidence, and, a jury being waived, the court finds that the allegations set forth in plaintiff's petition are true and therefore renders judgment for the plaintiff for the sum of fifty dollars and the costs of this action.

"The court further finds that the excavation and apron in front of the defendants' garage is the source of injury and cause of damage to plaintiff's property.

"It is therefore ordered, adjudged and decreed that defendants reconstruct the apron in front of

their garage in a competent manner and by competent persons so as to prevent the collected waters in said apron from seeping in and on plaintiff's property, and in plaintiff's cellar, and that said alterations be made on or before June 27, 1928, and that on failure to comply with said order by June 27, 1928, the court further finds that plaintiff has been damaged in the sum of five hundred dollars, and that this action be continued until the 27th day of June, 1928, for any such and further entry to be made.''

Within the statutory time a motion for new trial was made, and the same was overruled on June 29, 1928, and without any additional evidence, and at the same time, the following journal entry, upon vacation of the entry above noted, was entered by the court:

''This cause came on to be heard on the petition of plaintiff and the answers of the defendants and upon the evidence and a jury being waived the court finds that the allegations set forth in plaintiff's petition are true and that the plaintiff has been damaged in the sum of five hundred dollars, and therefore renders judgment for the plaintiff against the defendants for the sum of five hundred dollars and the costs of this action.

''The court further finds that defendants' driveway is partly constructed on plaintiff's land, as set forth in plaintiff's second cause of action, and therefore orders that same be removed within ten days from the date of this entry, and failure to do so within the time stated that the Sheriff of this county shall proceed to evict defendants from plaintiff's land.

"The court further orders that the judgment and decree heretofore entered in this action be vacated and be declared null and void."

Again a motion for new trial was made, which was subsequently overruled, and thereupon these proceedings in error were instituted to this court.

It is argued that these journal entries raised equitable questions, which are not warranted by the issues, as derived from the pleadings. It is claimed that the entire entry of June 29, 1928, was erroneous, and that the judgment is clearly and manifestly against the weight of the evidence.

It is argued that the petition is for damages only, and that this question was tried to the court as a jury without any amendment or any other action that would change the issues. It is specifically urged as error that that portion of the entry of June 7, 1928, which ordered the defendants to reconstruct the apron in a competent manner, and by competent persons, by June 27, 1928, and that if the conditions were not complied with there would be a $500 penalty, was error prejudicial, and without warrant in law, because it went beyond the issues and the evidence, and, consequently, beyond the jurisdiction and authority of the court. This excerpt from the order, it is urged, was the granting of equitable relief when none was prayed for.

Of course, a court in its judgment must respond to the issues as stated in the pleadings, and the injury is obvious where the court departs from this established principle, because it is plain that litigants by such a course would not be able to determine what issues were adjudged, and therefore 15 Ruling Case Law, 604, applies, as does *Ancin* v.

*Ksenick,* 17 C. C. (N. S.), 310, 32 C. D., 168, of which the syllabus is as follows: "A judgment not in accordance with the allegations of the pleadings, the issues therein raised, or the prayers therein contained, will be reversed and the cause remanded for a new trial."

In line with these decisions is Freeman on Judgments (5th Ed.), 176, which reads as follows: "Inasmuch as the judgment and its enforcement is the end and aim of the whole litigation, to satisfy this purpose it must so dispose of the matters at issue between the parties that they and such other persons as may be affected, will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined."

We agree with the contention, however, that the court in term time had a right to change its own judgment, and the reason for this vacation is apparent from a reading of both of the entries, and therefore the opinion of the court in *Wybel* v. *Scheaffer,* 31 O. C. A., 497, is cited as an approval that the vacation of the entry was in the authority of the court and in line with the following language in *Wybel* v. *Scheaffer, supra*: "The discretion vested in a court to vacate or modify its judgments during the term is a legal discretion and cannot be exercised in an arbitrary manner, or at the mere desire of the Court; a justifiable cause for such action must exist."

The court, having authority to vacate the entry of June 7, leaves but one entry for consideration by this court, the second entry, that of June 29, 1928, and it is our judgment that this entry is determinative of this assignment of error.

It is argued, however, that this entry is tainted

with error, inasmuch as it relates to prospective damages, and as a basis for this argument it is urged that when the judgment of $50 was changed to $500, the court took into consideration that the difference applied to prospective damages and not to those which had accrued prior to the filing of the petition. We do not, however, agree with this contention, because upon examination of the entry we find that the judgment of $500 was for damages already accruing, and not just in futurity, because the verb is in the past perfect tense, and that settles the question beyond peradventure that the judgment was not for prospective damages. Therefore it is our judgment that this is not prejudicial error in this respect.

Coming to examine the question whether the judgment is clearly and manifestly against the weight of the evidence, we find that there is a conflict in the record, but there is nothing therein which shows that the judgment is a shock to the senses or that a grave error has been committed by the court in its judgment. Such a situation must exist before the reviewing court has power to reverse. If there is credible evidence to sustain the plaintiff's claim, even though there is a conflict, a reviewing court has no power to reverse the judgment on the evidence except as a matter of law, and it cannot do so simply because it believes one side in preference to the other. There must project from the record some fact which clearly indicates a subversion of the truth.

The latest pronouncement of the Supreme Court, laid down as a guide to reviewing courts on the question of the weight of the evidence, is to be found

in *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683.

Entertaining the above views, the judgment of the lower court is affirmed.

*Judgment affirmed.*

VICKERY, P. J., and LEVINE, J., concur.