JOURNAL ENTRY and OPINION
Defendant-appellant Audrey Crowder appeals from the order of the Cleveland Municipal Court rendering judgment in favor of plaintiff-appellee the Cleveland Metropolitan Housing Authority on its complaint for forcible entry and detainer.
In her two assignments of error, appellant asserts the municipal court improperly overruled her motion that combined her objections to the magistrate's report and recommendation with her request for relief from the judgment. Upon a review of the record, this court determines appellant's assertion is meritless. The municipal court's judgment, therefore, is affirmed.
The App.R. 9(A) record reflects appellee filed its complaint for forcible entry and detainer against appellant on September 11, 2000. Appellee claimed appellant was in breach of seven provisions of her lease agreement based primarily upon numerous incidents of appellant's guests' failure to abide by building security measures. Appellee's complaint also included a separate claim that appellant owed it "[t]he sum of $0.00 rent due but unpaid."
Appellee attached to its complaint as exhibits copies of the following: 1) the written thirty-day notice to leave the premises, served upon appellant on July 7, 2000, with the specific grounds for termination of appellant's lease set forth therein; and 2) the written three-day notice to leave the premises, served upon appellant on August 11, 2000. On September 12, 2000, the municipal court mailed a summons to appellant to appear on October 2, 2000 to answer appellee's complaint.
The record reflects appellant filed no answer to the complaint; rather, on the appearance date, she simply requested a continuance of the matter until October 9, 2000. The magistrate presiding at the appearance hearing recommended appellant's request be granted. That same day, the municipal court granted appellant's request.
On October 4, 2000, appellant filed a demand for a jury trial. The municipal court responded by issuing a journal entry that canceled the previously-scheduled hearing and reset the matter for a pretrial hearing to be held on October 30, 2000.
Subsequently, following the October 30, 2000 pretrial hearing, the municipal court issued a case management order. In pertinent part, the court ordered appellant and her counsel to attend a final pretrial hearing scheduled for January 17, 2001 and to file trial statements and proposed jury instructions by January 18, 2001. The order set the case for jury trial on "February 1, 2001 at 1:30 p.m." The order noted sanctions could be imposed for failure to comply with its terms.
On January 18, 2001 the municipal court issued a journal entry stating that neither appellant nor her counsel had appeared for the January 17, 2000 final pretrial hearing. The court indicated that as a sanction for this failure, appellant's demand for a jury trial was stricken. The court further indicated the case remained set for trial on February 1, 2001. The record demonstrates that in addition to failing to appear for the final pretrial, appellant also failed to file either a trial statement or proposed jury instructions as required by the case management order.
Trial in the case proceeded as scheduled before the same magistrate that had recommended the case management order approved by the court. Appellant and her attorney, however, again failed to appear. Thereafter, on February 9, 2001, the magistrate issued findings of fact and conclusions of law regarding the case.
In pertinent part, the magistrate found that appellant was in breach of the lease agreement for her "failure to abide by [the] sign-in [of guests] policy, [permitting on the premises] unauthorized occupant[s], and parking in the fire lane." The magistrate detailed the specific dates of each incident. The magistrate concluded appellee was entitled to judgment on its claim for forcible entry and detainer. That same day, the municipal court issued its order in which it adopted the magistrate's report and entered judgment for appellee on its claim. Appellee's remaining claim for unpaid rent was set for a default hearing on March 1, 2001.
On February 15, 2001, appellant filed a motion she styled "a motion to stay move out order, and [appellant's] objections to magistrate's report [,] and/or motion to vacate judgment [,] and/or motion to reconsider." Appellant asserted in her brief in support of this motion that the judgment in appellee's favor had been issued in contravention of Sup.R. 41[1].
Appellant argued she orally had requested a continuance of trial through counsel on both "January 29, 2001" and on the morning of February 1, 2001 when counsel personally had informed the municipal court's bailiff she was "tied up in a criminal trial" in common pleas court "that had been originally set for January 16, 2001" but had been placed "on standby" while plea negotiations continued. Appellant indicated her attorney had not notified the municipal court of this potential conflict "formally" because counsel had "no way to know" when the criminal matter would be resolved and because counsel was a sole practitioner with limited resources at her disposal.
Appellant further asserted that she had defenses against appellee's claim for forcible entry and detainer, viz., 1) she had good explanations for the violations of the lease provisions; and 2) appellee's eviction action was "retaliatory and vindictive" in nature. Appellant argued appellee had chosen an inappropriate remedy to pursue against her.
Appellant supported her motion with her attorney's affidavit. Counsel also attached to the motion a certified copy of the common pleas court's docket sheet reflecting the course of the criminal matter counsel averred had interfered with her ability to represent appellant effectively in the eviction action.
Appellee filed a brief in opposition to appellant's motion. Appellee argued appellant had failed to comply with the requirements of either Civ.R. 53 or Civ.R. 60(B). Appellant subsequently filed a brief in reply to appellee's argument, but supplied no additional evidentiary material.
On March 15, 2001 the municipal court issued its opinion and order in which it both overruled appellant's objections to the magistrate's report and denied appellant's motions to vacate and to reconsider its judgment.
Appellant has filed a timely appeal from the foregoing order.[2]
She presents two assignments of error for review.
Appellant's first assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN OVERRULING DEFENDANT'S OBJECTIONS TO THE MAGISTRATE'S DECISION AND FURTHER IN ADOPTING THE DECISION AS ITS OWN ORDER WHEN THE OBJECTIONS DEMONSTRATED THAT THE MAGISTRATE ABUSED HER DISCRETION IN CONDUCTING A HEARING WHEN COUNSEL FOR DEFENDANT WAS ENGAGED IN AN AGGRAVATED MURDER TRIAL OF WHICH BOTH THE MAGISTRATE AND OPPOSING COUNSEL WERE AWARE.
Appellant argues the municipal court improperly overruled her objections to the magistrate's report. Appellant contends she provided sufficient evidentiary material to demonstrate the magistrate failed to comply with Sup.R. 41 in proceeding to trial despite appellant's oral motion for a continuance. This court disagrees, since although appellant preserved this issue for appellate review by filing her objections to the magistrate's report, the record supports the municipal court's decision. Cf., Asad v. Asad (1999), 131 Ohio App.3d 654.
Civ.R. 53 states in pertinent part:
Rule 53. Magistrates.
* * * *
D. Proceedings.
 (1) All proceedings before the magistrate shall be
in accordance with these rules and any applicable statutes, as if before the court.
* * * *
E. Decisions in referred matters.
* * * *
(4) Court's action on magistrate's decision.
* * * *
 (b) Disposition of objections. The Court shall rule on any objections. The court may adopt, reject, or modify the magistrate's decision, hear additional evidence, recommit the matter to the magistrate with instructions, or hear the matter. The court may refuse to consider additional evidence proffered upon objections unless the objecting party demonstrates that with reasonable diligence the party could not have produced that evidence for the magistrate's consideration.
(Emphasis added.)
The foregoing provisions permit the municipal court the discretion to select the proper course of action when considering objections such as the ones filed by appellant herein. Baire v. Baire (1995),102 Ohio App.3d 50, 53. Hence, its decision will not be disturbed without "a showing of an abuse of discretion." The term "abuse of discretion" implies "the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. No abuse of discretion occurred in this case.
Sup.R. 41 clearly directs motions for a continuance of trial to be written, accompanied by a copy of the conflicting assignment, and filed a month prior to trial. The record demonstrates that appellant failed to comply with any of the rule's directions. She apparently made her motion orally only to a court bailiff rather than to the magistrate assigned to hear the case. She did not provide the municipal court with any documentation of a conflict and also apparently waited until the last minute to request the continuance.
Additionally, when confronted with the consequences of her failure,viz., the entry of judgment for appellee, appellant made excuses which did not constitute good cause for her conduct. Cf., Weaver v. ColwellFinancial Corp. (1992) 73 Ohio App.3d 139.
The docket sheet of the criminal case indicates appellant's counsel was aware of its potential for conflict with the instant case long before January 29, 2001. Furthermore, counsel's averment that her office equipment had malfunctioned the evening before indicates only that counsel did not pursue with reasonable diligence her duty earlier to inform the municipal court of her inability to defend her client.
Since the record does not support a conclusion either that the municipal court abused its discretion or that the magistrate contravened Sup.R. 41 in denying appellant's motion for a continuance, the municipal court did not err in overruling appellant's objections to the magistrate's report. Oakwood Management Co. v. Richards (Dec. 9, 1999), Franklin App. No. 99AP-627, unreported. Accordingly, appellant's first assignment of error is overruled.
Appellant's second assignment of error states:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN FAILING TO GRANT DEFENDANT'S 60(B) MOTION TO VACATE WHEN ALL OF THE ELEMENTS HAD BEEN ESTABLISHED.
Appellant argues the municipal court improperly overruled her motion for relief from judgment. She contends both that her failure to attend the trial is the result of excusable neglect and that she provided evidence sufficient to constitute a reason justifying relief. Appellant's argument is unpersuasive.
To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must meet the following three requirements: 1) she is entitled to relief on one of the grounds set forth in subsections (B)(1) through (5); 2) she has a meritorious defense to the prevailing party's claim; and 3) her motion has been made within a reasonable time. GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, syllabus 2. If any one of these three requirements is not met, the motion should be overruled. Svoboda v. Brunswick (1983), 6 Ohio St.3d 348. Moreover, the question of whether relief should be granted is left to the sound discretion of the trial court. Griffey v. Rajan (1987), 33 Ohio St.3d 75. A review of the record in this case reveals appellant met neither the first nor the second requirement of a successful Civ.R. 60(B) motion.
As hereinbefore stated, appellant's neglect of her duty to comply with Sup.R. 41 in requesting a continuance of trial was not excusable, since she did not pursue a motion for continuance with reasonable diligence.Kren v. Kren (Jan. 16, 1992), Cuyahoga App. No. 59748, unreported.
Moreover, appellant's assertion that she had excuses for her noncompliance with the terms of her lease does not constitute a meritorious defense to appellee's action. See, e.g., Mihovk v. Paulson
(Sept. 19, 1996) Cuyahoga App. No. 69987, unreported.
The record supports the conclusion appellant could not meet the requirements of Civ.R. 60(B). Therefore, the municipal court neither erred nor abused its discretion in denying appellant's motion for relief from judgment. Weaver v. Colwell Financial Corp., supra.
Accordingly, appellant's second assignment of error also is overruled.
The municipal court's judgment is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANNE L. KILBANE, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.
[1] Sup.R. 41 states in pertinent part:
 Sup.R. 41. CONFLICT OF TRIAL COURT ASSIGNMENT DATES, CONTINUANCES AND ENGAGED COUNSEL
 (A) Continuances; Granting Of
 The continuance of a scheduled trial or hearing is a matter within the sound discretion of the trial court for good cause shown.
 No party shall be granted a continuance of a trial or hearing without a written motion from the party or counsel stating the reason for the continuance, endorsed in writing by the party as well as counsel, provided that the trial judge may waive this requirement upon a showing of good cause.
* * *
(B) Conflict of Trial Assignment Dates
 (1) When a continuance is requested for the reason that counsel is scheduled to appear in another case assigned for trial on the same date in the same or another trial court of this state, the case which was first set for trial shall have priority and shall be tried on the date assigned. Criminal cases assigned for trial have priority over civil cases assigned for trial. The court should not consider any motion for a continuance due to a conflict of trial assignment dates unless a copy of the conflicting assignment is attached to the motion and the motion is filed not less than thirty days prior to trial.
(Emphasis added.)
[2] Although the municipal court has not determined appellee's claim for unpaid rent, its judgment entry giving appellee a present right to possession of the property is a final appealable order pursuant to R.C.2505.02(B)(2). Skillman v. Browne (1990), 68 Ohio App.3d 615; Blosser v.Bowman (May 1, 2001), Franklin App. No. 00AP-1140, unreported; OakwoodManagement Co. v. Richards (Dec. 9, 1999), Franklin App. No. 99AP-627, unreported; Bryant v. Dale (Sept. 10, 1999), Lawrence App. No. 98CA36, unreported.