DECISION AND JUDGMENT ENTRY
Appellee, Rhonda Short, has filed a motion to dismiss this appeal filed by Denver Short, her former husband. As grounds for dismissal, appellee states that the order from which the appeal has been taken is not final and appealable because "the trial court has not reduced a specific amount to judgment that appellant owes appellee; [and] the trial court has yet to rule on appellee's motion for child support." Appellee cites no authority for, and advances no legal argument in support of, either of these grounds. Appellant, acting pro se, filed an untimely memorandum in opposition to the motion to dismiss, in which he states that appellee's motion is misleading to the court because appellee's attorney knows the specific amount of the judgment even though that amount is not stated in the judgment entry.
The parties to this appeal were divorced in 1987. In the ensuing years, there was much litigation concerning their daughter, Crystal, born in 1983. In November 2000, Rhonda filed a "MOTION FOR EMERGENCY ORDER AND MODIFICATION OF CUSTODY" in which she asked the court for an emergency order enjoining Denver from removing Crystal from the court's jurisdiction and directing Denver to immediately allow Rhonda to have telephone contact and visitation and companionship with Crystal. The motion also asked for a change of custody of Crystal from her father to her mother[1]. Finally, the motion requested that the court order Denver to pay Rhonda's attorney fees incurred in connection with the emergency motion and to contribute to the "psychological expenses" of Crystal which amounted to slightly over $8,000. In December 2000, Rhonda filed a MOTION FOR ATTORNEY FEES in which she asked the court to order Denver to pay her attorney fees and costs, amounting to $1,115, incurred in connection with the emergency motion filed in November.
Following a hearing, the trial court ruled on these motions in a judgment which states, in pertinent part:
 "Rhonda * * * asks that Denver be ordered to pay [her] attorney fees, and costs of Crystal's hospitalization, and her costs of counseling.
 "Denver objects to any payment of Rhonda's Attorney fees, or any psychological costs. He further claims that the billing for Crystal's hospitalization was made to Rhonda's husband, `Sam Onweller,' and he disclaims any financial obligation for any of these services. He feels that the payment of any portion of Rhonda's legal bill, or of the psychological counseling is unfair given the circumstances of the parties.
"* * *.
 "Denver currently has gross income of $49,160.17, or 72.6% of the parties' total income, and Rhonda has a gross income of $18,535.48, or 27.4% of the parties [sic] total income. It appears that each of the parties should pay a proportionate share of (a) the Defendant's [Rhonda's] legal bill, (b) the costs incurred in this proceeding, (c) Crystal's hospital bill, and (d) the psychologist's bill, and the court hereby so finds and so rules.
 "Accordingly, Plaintiff Denver Short shall reimburse Defendant Rhonda Onweller his proportionate share (72.6%) of all the above costs and charges within 45 days of the filing of this Judgment Entry * * *."
This court finds that this judgment entry is not adequate. "It is a fundamental rule that a judgment must be complete and certain in itself." 62 Ohio Jurisprudence 3d (1985), Judgments, Section 27, citing 46 American Jurisprudence 2d, Judgments, Section 67. Further, a "judgment must so dispose of the matters at issue between the parties that they * * * will be able to determine with reasonable certainty the extent to which their rights and obligations have been determined." Id., citing Lichtv. Woertz (1929), 32 Ohio App. 111. A judgment that does not do so, is void for uncertainty. Id.
We find that no appeal can be taken from a void judgment. "A void judgment is necessarily not a final appealable order * * *." Reed v.Montgomery Cty. Bd. of Mental Retardation and Dev. Disabilities (Apr. 27, 1995), Franklin App. No. 94APE10-1490, unreported. Accordingly, the motion to dismiss is granted and this appeal is ordered dismissed at appellant's costs.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J., Richard W. Knepper, J., and Mark L.Pietrykowski, P.J., CONCUR.
[1] The issue of custody became moot when Crystal turned eighteen on October 26, 2001. Crystal is now married and not living with either parent.