JOURNAL ENTRY AND OPINION
{¶ 1} This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the Common Pleas Court, Juvenile Division, and the briefs.
 {¶ 2} The appellant, Christi S. Coleman ("Coleman"), appeals the decision of the Cuyahoga County Court of Common Pleas, Juvenile Division, that granted James Esper's ("Esper") application to determine custody without providing proper notice of the trial date. For the reasons set forth below, we reverse the decision of the trial court.
 {¶ 3} On February 29, 1999, Bailey Coleman-Esper was born to Coleman and Esper, who acknowledged paternity of the child pursuant to a written acknowledgment in the state of North Carolina. At the time of the child's birth, both parents were enlisted in the United States Marine Corps. In late 1999, Esper separated from Coleman and returned to Ohio to reside in Cuyahoga County.
 {¶ 4} In January 2000, Coleman was notified by her commander that she would be relocated to serve a year in Okinawa, Japan. With the expected one-year tour of duty in Japan, Coleman decided to leave the child with Esper while she served overseas.
 {¶ 5} On September 15, 2000, Esper filed an application for custody of the minor child in the Cuyahoga County Court of Common Pleas, Juvenile Division. On November 6, 2000, Colonel P.J. Pisano of the United States Marine Corps sent a letter to the court requesting the matter be continued until Coleman returned to the United States. When Coleman returned, she came to Cuyahoga County, removed her son from Esper's house and returned to her new duty station in Quantico, Virginia.
 {¶ 6} On February 9, 2001, Esper's attorney entered an appearance before the court. On April 23, 2001, both Coleman and her attorney appeared in court for the motion hearing. Coleman refused to waive any defects in service, and the case was continued until June 7, 2001. On that day, after the trial court explained the legal rights of both parties, the hearing was again continued until July 18, 2001.
 {¶ 7} On July 13, 2001, Coleman's attorney filed a motion to withdraw as counsel because Coleman had failed to pay for his services. On July 18, 2001, the court granted the motion to withdraw and continued the matter until September 12 in order "to perfect service on defendant," as stated in the court's journal entry.
 {¶ 8} On August 14, 2001, Coleman was served by a personal process server with summons and complaint. On September 12, 2001, the matter again came before the trial court for a hearing on the motion. On this date, Coleman, now without counsel, failed to appear, and the trial court entered an order of temporary visitation for Esper.
 {¶ 9} The matter was continued three more times, the last based upon the trial court's belief that Coleman had failed to receive notice of the hearing date. On February 7, 2002, the court issued notice of the hearing to Coleman with the hearing date set for February 27, 2002. On that date, Coleman again failed to appear, and the trial commenced. On March 1, 2002 the trial court issued its opinion granting Esper's application for custody.
 {¶ 10} On March 14, 2002, Coleman, through new counsel, filed a change of address form with the court and, on March 21, 2002, she filed an notice of appeal and now asserts the following sole assignment of error:
 {¶ 11} "I. The trial court committed prejudicial error when it proceeded with trial without proper notice to appellant, thereby denying appellant her right of due process."
 {¶ 12} As provided by the Fourteenth Amendment to the United States Constitution and Section 16, Article I of the Ohio Constitution, due process of law requires that every party to an action must be afforded "a reasonable opportunity to be heard after a reasonable notice of such hearing." Ohio Valley Radiology Assoc. Inc. v. Ohio Valley Hosp.Assn. (1986), 28 Ohio St.3d 118, 125. The Ohio Supreme Court in OhioValley held that some form of reasonable notice is required, while rejecting an inflexible rule requiring the entry of the trial date on a court's docket. Id. at 214. "The issue of what constitutes reasonable notice is left for a case-by-case analysis. At the very least, where actual notice is not provided, constructive notice that comes from the court's setting down the trial date upon its docket may satisfy the dictates of due process." Zashin, Rich, Sutula Monastra Co., L.P.A. v.Offenberg (1993), 90 Ohio App.3d 436, 443 citing Ohio Valley RadiologyAssoc. Inc. (1986) 28 Ohio St.3d at 125; Weaver v. Colwell FinancialCorp. (1992), 73 Ohio App.3d 139; State Farm Mut. Auto Ins. Co. v.Peller (1989), 63 Ohio App.3d 357.
 {¶ 13} By placement of a trial date within the docket, the trial court can presume constructive knowledge of the trial date as it is generally held that parties are expected to keep themselves informed of the progress of their case. See Weaver, supra, 73 Ohio App.3d at 144. However, as this court found in Zashin, "where postcard notification is relied upon, it must be reasonably calculated to place the parties on notice." Zashin, supra, 90 Ohio App.3d at 444.
 {¶ 14} Following the policy of a case-by-case analysis, this court must find that the trial court failed to provide proper notice of the new trial date; therefore, the result was a violation of the appellant's due process rights.
 {¶ 15} The material provided in the record demonstrates that after counsel for the appellant withdrew from the case, the appellant began receiving notice from the court at her listed residence. However, at the end of January 2002, for some reason unknown to this court, the trial court began combining two separate addresses, resulting in an incorrect mailing address. The appellant's address, as listed by the trial court, was: "Sgt. Christi Coleman, 2011 Zeilin Rd./2068 "B" Quarters, Quantico, VA 22134-5076, Sterling VA 22170-0000." Because of the incorrect mailing address, the appellant asserts she did not receive notice of the new dates. As a result, this error renders the notice not reasonably calculated to place the appellant on proper notice.
 {¶ 16} Considering the factors of the case sub judice, the appellant's out-of-state residence, the appellant's pro se status, and the prior receipt of notice from the court, this court cannot make a finding of actual or constructive notice of the continued trial date. The appellant's sole assignment of error has merit.
Judgment reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee costs herein.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court, Juvenile Division, to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, P.J., AND ANNE L. KILBANE, J., CONCUR.
N.B. This entry is an announcement of the court's decision. See App.R. 22(B), 22(D) and 26(A); Loc.App.R. 22. This decision will be journalized and will become the judgment and order of the court pursuant to App.R. 22(E) unless a motion for reconsideration with supporting brief, per App.R. 26(A), is filed within ten (10) days of the announcement of the court's decision. The time period for review by the Supreme Court of Ohio shall begin to run upon the journalization of this court's announcement of decision by the clerk per App.R. 22(E). See, also S.Ct.Prac.R. II, Section 2(A)(1).