JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Theresa Washington ("Washington") appeals from the decision of the Cleveland Municipal Court that denied her motion for relief from judgment. For the following reasons, we reverse and remand.
 {¶ 2} This matter began with a complaint filed by plaintiffappellee Melje Properties, Inc. ("Melje") to evict Washington from 9411 Way Avenue, Cleveland, Ohio. Washington was initially unrepresented by counsel and agreed to vacate the premises voluntarily. Instead, she retained counsel and filed an answer and counterclaim. Washington maintained that she entered a land installment contract and sought recovery of her $20,000 deposit for Melje's alleged failure to comply with the law. In support of her counterclaim, Washington attached a "Purchase Agreement" entered by the parties on April 4, 2000. Under that Agreement, Washington was to make a down payment of $20,000 and assume a first mortgage on the property.
 {¶ 3} At a status hearing on March 1, 2002, the trial court issued a writ of restitution and Washington was evicted from the property. Nonetheless, the court's docket continued to reflect Washington's address as the property from which she was evicted. An entry on the court's docket dated March 21, 2002 indicates that the matter was set for a settlement conference on April 19, 2002. The entry itself, but not the docket, indicates that it was sent by regular mail to "defendant/defendant's attorney on March 21, 2002."
 {¶ 4} When neither defendant nor her attorney appeared at the scheduled conference, the trial court dismissed defendant's counterclaim for want of prosecution in an entry dated April 24, 2002. The court docket does not reflect the substance of this order but only its existence. There is no indication that this order was served on any parties.
 {¶ 5} Washington maintains that she first learned of the dismissal of her counterclaim in a collateral foreclosure action commenced by the mortgagee on the property. On May 8, 2003, defendant filed a motion for relief from judgment. After a hearing, the court adopted a magistrate's recommendation denying the motion. Defendant filed objections, which were also denied, and this appeal followed.
 {¶ 6} "I. The trial court erred, abused its discretion and/or committed reversible error when it granted plaintiff's motion to dismiss for want of prosecution."
 {¶ 7} We must regard this assignment of error as untimely to the extent that Washington challenges the trial court's order that dismissed her claims for want of prosecution as an abuse of discretion. App.R. 4. A motion for relief from judgment cannot be used as a substitute for a timely appeal. State ex rel. Bragg v.Seidner (2001), 92 Ohio St.3d 87, 87, quoting Key v. Mitchell
(1998), 81 Ohio St.3d 89, 90-91; see, also, Colley v. Bazell
(1980), 64 Ohio St.2d 243, 245. This appeal was filed well over 30 days after the court dismissed Washington's claims for want of prosecution.
 {¶ 8} We note, however, that in substance Washington is arguing it was improper for the trial court to dismiss her claims without first providing her notice. We address this argument under the second assignment of error where it is more appropriately made.
 {¶ 9} Assignment of Error I is overruled.
 {¶ 10} "II. The trial court erred, abused its discretion and/or committed reversible error when it denied defendant's motion for relief from judgment."
 {¶ 11} The issue is whether the alleged lack of notice to Washington entitles her to relief from a judgment over a year after that judgment was entered.
 {¶ 12} Civ.R. 60(B) provides in part: "[o]n motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation."
 {¶ 13} As with any motion for relief, the proponent has the burden of proof. "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec.,Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 14} We review the trial court's denial under the abuse of discretion standard. Id. In her brief, Washington relied on 60(B)(1) and (5), but focused upon 60(B)(5) at oral argument. She argues that neither she nor her attorney received notice of the judgment that dismissed her claims. They say they learned of the judgment in a related foreclosure action involving the mortgage on the property.
 {¶ 15} The trial court denied Washington's motion on the grounds it was not filed within a reasonable time. The motion under 60(B)(1) was not timely since it was not commenced within the one-year period of limitation. Ibid. Civ.R. 60(B)(5) does not have a similar limitation period but the motion for relief must still be made within a reasonable time.
 {¶ 16} We adhere to the precept that due process requires that a party have some form of notice of a court date. Weaver v.Colwell Financial Corp. (1992), 73 Ohio App.3d 139, 144. "`[A]n entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact.'" Id., quotingOhio Valley Radiology Assoc., Inc. v. Valley Hosp. Assn.
(1986), 28 Ohio St.3d 118, 124. In this case, defendant had constructive notice of the settlement conference by virtue of the entry of it upon the court's docket.
 {¶ 17} The dismissal entry is not indicated as such on the docket and only provides the following information: "4/24/2002 Journal entry signed and ordered recorded. Journal Volume Number 273 PG 497 — 0." In addition, there is no notation on the judgment entry that would suggest the court attempted to notify the parties of this judgment. (R. 13). This is unlike other judgment entries in the record which clearly indicate the fact of notice to the parties on a specified date. (See R. 9 and R. 11). Both defendant and her counsel claim they never received notice of this judgment from the court. Therefore, even if defendant or her counsel checked the docket she may have learned of the settlement conference but, she would not, without further inquiry, have realized that her claims were dismissed by judgment entry dated April 24, 2002. This prejudiced her ability to file a timely direct appeal of the April 24, 2002 judgment.
 {¶ 18} The reviewing court must take into consideration all surrounding facts and circumstances when addressing a motion for relief from judgment. Davis v. Immediate Medical Services, Inc.
(1997), 80 Ohio St.3d 10, 14. Any doubt on the categorization of neglect should be resolved in favor of the motion to set aside the judgment so that cases can be decided on their merits. GTE,
supra at 151. It is undisputed that defendant has presented facts that, if proved, constitute a meritorious defense. Washington's contention that she did not receive notice of the dismissal judgment until she learned of it in a collateral proceeding is not refuted by any evidence in the record.
 {¶ 19} We recognize and reaffirm that the onus is upon counsel to keep themselves appraised of the status of their case. At the same time, due process requires that there be some indication in this record that Washington or her counsel were sent or received notice of the judgment that dismissed her claims. Under the totality of the circumstances, we find that Washington's filing of the motion for relief 14 months after the judgment was not so unreasonable as to foreclose a decision on the merits in this matter. For this reason, Assignment of Error II is well taken.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee her costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Calabrese, Jr., J., concurs.
 Kilbane, P.J.*, concurs in judgment only.
*Judge Anne L. Kilbane concurred in judgment only in this Journal Entry and Opinion prior to her death on November 23, 2004. (The Ohio Constitution requires the concurrence of at least two judges when rendering a decision of a court of appeals. Therefore, this announcement of decision is in compliance with constitutional requirements. See State v. Pembaur (1982),69 Ohio St.2d 110.)