ASAD, Appellee,

v.

ASAD, Appellant.

[Cite as *Asad v. Asad* (1999), 131 Ohio App.3d 654.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 74274.

Decided July 12, 1999.

*David L. Lash,* for appellee.

*Loretta A. Coyne,* for appellant.

Rocco, Judge.

This case is before the court on appeal from a decision by the Cuyahoga County Court of Common Pleas, Domestic Relations Division, on several post-judgment motions. In his single assignment of error, appellant argues:

"The trial court erred and abused its discretion when it overruled the appellant's motion for a continuance of the hearing of November 7, 1997 when it had

just allowed appellant' [*sic*] prior counsel to withdraw one week prior to trial, and when the appellant's new counsel had entered an appearance one day prior to the hearing and had requested a continuance because of a conflict with another trial."

For the following reasons, the court affirms the common pleas court's judgment.

## PROCEDURAL HISTORY

The record discloses that the parties were divorced pursuant to a decree entered November 21, 1995, which, among other things, ordered defendant-appellant to pay spousal support. As relevant to this appeal, on April 3, 1996, appellee moved the court to show cause why appellant should not be held in contempt for failure to pay support. On June 6, 1996, appellant moved the court to modify the support order. On July 3, 1996, appellant requested a hearing pursuant to R.C. 3113.21, alleging error in the fact findings and recommendations issued by a hearing officer of the Cuyahoga Support Enforcement Agency.

Thereafter, appellee moved the court twice—to dismiss appellant's motion for modification and to request that appellant be sanctioned for failure to comply with discovery requests and for failure to appear for deposition.

On August 28, 1997, the magistrate ordered a hearing on these motions to be held on November 7, 1997. The magistrate's order provided that "[n]o further continuances shall be granted." On September 9, 1997, Joyce E. Barrett was permitted to withdraw as counsel for appellant. Fewer than two months later, on October 29, appellant's new counsel, Dennis Levin, was also permitted to withdraw. In his motion, Levin represented that appellant had retained other counsel.

On November 6, 1997, appellant's new counsel moved the court to continue the November 7 hearing date on the ground that counsel had a previously scheduled hearing in another case. The magistrate denied this motion and proceeded with the hearing on November 7, at which only appellee and her counsel appeared.

The magistrate entered findings of fact and conclusions of law on November 28, 1997, determining that appellant was in contempt of court for failure to abide by the court's order regarding support. The magistrate denied appellee's motions for sanctions and dismissed appellant's motion to modify spousal support for lack of prosecution.

On December 9, 1997, appellant moved for leave to file objections to the magistrate's decision. Nevertheless, on January 9, 1998, the court adopted the magistrate's ruling, finding no objections had been filed. However, on January 13, 1998, the court granted appellant's motion for leave to file objections. It subsequently vacated the January 9 entry pursuant to Civ.R. 60(A).

Appellant never filed any objections, so the court again adopted the magistrate's decision on March 5, 1998. Appellant filed his notice of appeal from this ruling on April 2, 1998.

## LAW AND ANALYSIS

Civ.R. 53(E)(4)(a) provides that "[t]he court may adopt the magistrate's decision if no written objections are filed unless it determines that there is an error of law or other defect on the face of the magistrate's decision." In addition, under Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule."

The Staff Note to Civ.R. 53(E) indicates that "[t]he rule reinforces the finality of trial court proceedings by providing that failure to object constitutes a waiver on appeal of a matter which could have been raised by objection. * * * [A] magistrate's decision to which no objection is made may be adopted unless there is apparent error; the judge is no longer required to conduct an independent review and make a determination himself or herself."

Appellant did not object to the magistrate's decision before the domestic relations court. Appellant does not argue the magistrate committed an apparent legal error; he objects that the magistrate abused her discretion by denying him a continuance. Having failed to object to the magistrate's ruling before the domestic relations court, appellant waived any right to appeal this matter. Accordingly, the judgment of the domestic relations court is affirmed.

*Judgment affirmed.*

DYKE, P.J., and SPELLACY, J., concur.