Defendant-appellant herein, Walter Bacharowski, appeals from the rulings of the Cuyahoga County Domestic Relations Court upon remand from this court. Specifically, the appellant asserts that the trial court committed prejudicial error when it dissolved a temporary restraining order that had been placed on an individual retirement account owned by the appellant so that the plaintiff-appellee, Lynn Bacharowski, could satisfy an earlier judgment. The appellant also takes issue with the trial court's determination of spousal and child support, as well as its determination of the appellant's total amount of arrearages still owing.
The appellee filed for divorce from appellant on or about July 15, 1991. Subsequent to trial, the trial court, on March 1, 1994, issued a divorce decree and, in addition to other divisions of marital assets, awarded the appellee $25,000.00 for support arrearages accumulated during the pendency of the divorce decree, as well as $11,065.00 in attorney fees as additional spousal support.
Thereafter, the parties filed a number of motions seeking to modify and/or enforce the trial court's support determinations. The appellant filed a motion to modify spousal support and child support on September 21, 1994, in which he asserted that his income had dramatically decreased from that amount which had been originally used by the trial court in accordance with the statutory guidelines to determine support. By this time, the appellee had already filed a motion to show cause, filed on May 23, 1994, in which she requested that the appellant be found in contempt for failing to comply with the existing support orders, as well as for failing to sign over the deed to the marital residence as ordered by the trial court.
Subsequent to a hearing held on October 17, 1995, the trial court denied the appellant's motion to modify support and granted the appellee's motion to show cause. The trial court found that the total amount of child and spousal support arrearages owed by appellant was $98,562.72. The court's order permitted the appellant to "purge" the contempt finding by making a payment of $51,000.00 towards the total accrued arrearage. The appellant appealed from these rulings.
On appeal, this court held that the trial court should have granted the appellant's motion to modify spousal support as there was evidence that his income had, in fact, decreased over the relevant time period and because the loss of income was not "voluntarily" occasioned by the appellant. See Bacharowski v.Bacharowski (Sept. 11, 1997), Cuyahoga App. No. 71164. This court also held that the trial court's determination as to the amount of child support arrearages was not sufficiently supported by the evidence introduced at the hearing and, thus, remanded the matter to the trial court in order that it could reformulate its spousal and child support orders in a manner that recognized the appellant's change of financial circumstance, as well as to recalculate the total amount of support arrearages owing by the appellant. Id. This court's opinion further directed the trial court to "exercise its discretion in fashioning a new purge amount which is appropriately derived in relation to the actual arrearage amounts." Id.
On remand, the trial court conducted a hearing and arrived at new spousal and child support figures and also reduced the amount of payment necessary for the appellant to purge himself of the contempt order to $3,020.69. The trial court determined that the total amount of support arrearages owed by the appellant was $66,271.94. The hearing at which these new figures was determined was conducted by a magistrate on January 28, 1998. The magistrate issued her decision with findings of fact and conclusions of law on July 14, 1998. The magistrate's decision was adopted by the trial court without objection by either of the parties on August 14, 1998, pursuant to Civ.R. 53(E)(3)(b).
A hearing was held on August 18, 1998 on appellee's motion to modify previously issued temporary restraining order and to pay funds. This motion sought to levy on the individual retirement account of the appellant that was maintained at Ohio Savings Bank. On September 28, 1998, the magistrate's decision with findings of fact and conclusions of law was issued, granting appellee's motion. Appellant filed objections to the magistrate's decision on October 26, 1998. The trial court denied the objections to the magistrate's decision and adopted the decision in its entirety on January 8, 1999. It is from the trial court's January 8, 1999 from which the appellant has filed the within appeal.
The appellant assigns a total of three assignments of error. The first two assignments of error are interrelated and have a common basis in law and fact. Accordingly, they will be addressed concurrently in this opinion.
 I. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN ALLOCATING DEFENDANT-APPELLANT'S PROPERTY POST DECREE, WHICH HE WAS ALLOCATED AT TRIAL, THE TRANSFER BEING TANTAMOUNT TO A MODIFICATION OF THE PROPERTY DIVISION.
 II. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN DISSOLVING A TEMPORARY RESTRAINING ORDER AND RELEASING FUNDS WHICH ARE EXEMPT FROM ATTACHMENT UNDER OHIO REVISED CODE SECTION 2329.66.
In these two assignments of error the appellant contends that by allowing the appellee to use his individual retirement account to satisfy the judgment that had been previously entered against the appellee, the trial court was "modifying" the original property division order and allocating to the appellee an asset that had been originally allocated to the appellant. This fundamentally mischaracterizes the nature of the trial court's order. By permitting the appellee to levy on the appellant's individual retirement account, the trial court was not effecting a reallocation of the parties' resources, but merely enforcing a preexisting judgment after recalculating the amount of support owed in accordance with this court's opinion. Therefore, R.C.3105.171, which deals with modification of property division orders, has no applicability to this case.
Next, we turn to the appellant's argument that the funds in question were exempt from attachment under Ohio R.C. 2329.66. R.C. 2329.66 states, in relevant part, that:
 (A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or order as follows:
 10(c) Except for any portion of the assets that were deposited for the purpose of evading payments of any debt and except as provided in Sections 3111.23 and 3113.21 of the Revised Code, the person's right in the assets held in, or to receive any payment under, any individual retirement account, individual retirement annuity, or Keogh of "H.R. 10" plan that provided benefits by reason of illness, disability, death or age, to the extent reasonably necessary for the support of the person and any of the person's dependents.
Initially, this court notes that the appellant was domiciled in the state of California at the time the order was entered and, therefore, does not fall under the auspices of R.C. 2329.66. In the original divorce decree of March 1, 1994, the trial court found that the appellant was already domiciled in California. There is no evidence in the record that the appellant has since attempted to re-establish contact in Ohio and his address on all court pleadings is in Sunnyvale, California. Additionally, R.C.2329.66 specifically exempts individual retirement accounts from its purview where the assets are being levied to pay spousal or child support owed in accordance with R.C. 3111.23 and R.C.3113.21. See, also, R.C. 3111.23(B)(5)(A) and 3113.21(D)(5)(A). Finally, the trial court specifically found in its order that the funds were not needed by the appellant for his own support.
For the foregoing reasons, the appellant's first two assignments of error are overruled.
The appellant's final assignment of error states:
 III. THE TRIAL COURT LACKED JURISDICTION TO HEAR A MOTION WHICH WAS FILED, BASED UPON A VOID ORDER.
The appellant states in this assignment of error that in permitting the appellee to execute upon the funds held by the appellant in his individual retirement account, the "trial court ignored an Eighth District Court of Appeals' (sic) decision that vacated the arrearage judgment."
This court's earlier opinion reversed and remanded the trial court's original determination of spousal and child support arrearages and ordered the trial court to recalculate the arrearage determination in accordance with the new information available as to the appellant's actual salary and assets during the relevant time period. The trial court did, in fact, make such a determination as is reflected in the magistrate's decision and findings of fact and conclusions of law of July 14, 1998. On August 14, 1998, the trial court adopted the magistrate's decision without objection from the appellant. Thus, as of August 14, 1998, the trial court had fully complied with this court's directives upon remand.
The appellant is precluded from appealing the ruling of the magistrate because he failed to timely file objections with the trial court. Civ.R. 53(E)(3)(b) provides that:
 A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Ohio courts, in applying Civ.R. 53(E)(3)(b), have repeatedly held that a party is precluded from appealing any finding of fact or conclusion of law adopted by the trial court from a decision of a magistrate unless the party has objected to the finding or conclusion as provided for in Civ.R. 53(E)(3)(a). Asad v. Asad
(1999), 131 Ohio App.3d 654; Quill v. R.A. Investment Corp.
(1997), 124 Ohio App.3d 653, 664; In re Bortmas (Oct. 15, 1999), Trumbull App. No. 98-T-0147, unreported; Holbrook v. Smith (Sept. 7, 1999), Clermont App. No. CA98-11-111, unreported. Therefore, the appellant is prohibited from appealing any of the findings of fact or conclusions of law contained in the order of the magistrate.
The trial court's January 28, 1999 order permitting the appellee to execute on the appellant's individual retirement account was entirely consistent with the earlier opinion issued by this court. The appellant's contention that the order was "void" is without foundation. This court's earlier opinion did not reverse the trial court's award to the appellee of $25,000.00 for alimony and child support arrearages accumulated during the pendency of the divorce or the $11,065.00 in attorney fees awarded to the appellee as additional spousal support. Those judgments remained in effect through the entirety of these proceedings as they were never challenged by the appellant in either appeal. The appellant's steadfast refusal to satisfy these judgments was without legal excuse and provided justification for the actions of the trial court in permitting the appellee to levy upon said judgments.
For the foregoing reasons, this assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant her costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court — Domestic Relations Division to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 __________________________ MICHAEL J. CORRIGAN, JUDGE
 ROCCO, P.J., and PORTER, J., CONCUR.