OPINION
Defendant-appellant Jack E. Pletcher (hereinafter "husband") appeals the June 27, 2000 Judgement Entry; Decree in Divorce entered by the Muskingum County Court of Common Pleas. Plaintiff-appellee is Carol S. Pletcher (hereinafter "wife").
 STATEMENT OF THE FACTS AND CASE
Husband and wife were married on December 20, 1964. Three children were born as issue of said union, all of whom are emancipated. On April 7, 1999, wife filed a Complaint for Divorce in the Muskingum County Court of Common Pleas. Husband filed a timely answer and counterclaim for divorce. The magistrate conducted a final hearing on November 23, 1999. Following an afternoon recess, the parties presented numerous stipulations to the trial court. Attorney Kelly J. Cottrill, counsel for wife, also informed the trial court the parties had agreed husband would pay wife $65,000 for wife's one-half interest in the marital residence. Attorney Cottrill continued, "that money will be paid within thirty days of today's date and that that is separate and apart from any other distribution of any other assets in the marriage — — of the marriage." T. at 100. Immediately following Attorney Cottrill's statements, Attorney Bruce Greenberger, counsel for husband, addressed the trial court, noting two additional stipulations. Attorney Greenberger gave no indication, implicit or explicit, of his disagreement with Attorney Cottrill's statements. The magistrate issued his Decision on April 18, 2000. The magistrate noted and accepted twelve stipulations by the parties, including the following: e. [Husband] will pay to [wife] the sum of $65,000.00 within thirty (30) days of the date of trial in exchange for [wife] interest in the marital residence. [Wife] will vacate the marital residence within fourteen (14) days from the date [husband] tenders payment to her. (Hereinafter "Stipulation 'e'").
Husband filed objections to the magistrate's decision on May 1, 2000. In his objections, husband did not raise any issue which indicated his disagreement with Stipulation "e". Husband makes one mention of the $65,000 payment he made to wife, but such reference was only in regard to the trial court's failure to consider said payment when it awarded wife spousal support in the amount of $1,200/month. Via Journal Entry filed June 14, 2000, the trial court overruled husband's objections to the magistrate's decision and adopted said decision as the decision of the court. The trial court memorialized its granting of the parties' divorce and orders relative thereto in accordance with the magistrate's decision in a Judgement Entry; Decree and Divorce filed June 27, 2000. It is from this judgment entry husband appeals, raising as his sole assignment of error:
 THE TRIAL COURT ABUSED ITS DISCRETION IN ITS DIVISION OF THE MARITAL PROPERTY TO THE PREJUDICE OF THE APPELLANT.
 I
Herein, husband argues the trial court abused its discretion in dividing the parties' marital property. Husband's argument is predicated solely upon the trial court's failure to obtain husband's express consent or agreement to Stipulation "e". As stated supra, husband did not raise any objections to the magistrate's decision in this regard. A party's failure to object to a magistrate's decision in the trial court waives his right to appeal the matter. Asad v. Asad (1999), 131 Ohio App.3d 654. Under Civ.R. 53(E)(3)(b), "[a] party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule." Additionally, despite his assertion to the contrary in his Brief to this Court, we find the record demonstrates husband did not stand silent in response to Attorney Cottrill's statements, by his statement of additional stipulation without objection to Stipulation "e", thereby acquiesced to it, as noted supra. We find husband has waived any objection to Stipulation "e". Accordingly, this Court shall not address the merits of husband's argument. Husband's sole assignment of error is overruled.
The judgment of the Muskingum County Court of Common Pleas is affirmed.
By: Hoffman, P.J. Farmer, J. and Reader, V.J. concur.