JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant the William J. Rosby Trust ("the Trust") appeals from a judgment of the Parma Municipal Court dismissing its complaint for forcible entry and detainer against defendant-appellee Kurtz Bros., Inc. ("Kurtz"). For the following reasons, we affirm.
 {¶ 2} The Trust originally filed its complaint for forcible entry and detainer against Kurtz for violations of a commercial lease. Kurtz filed a counterclaim alleging unjust enrichment.
 {¶ 3} The matter was referred to a magistrate for hearing and resolution. On November 28, 2001, the matter came on for trial. At the trial, Kurtz made an oral motion to dismiss the matter based on violations of R.C. 1923.04. Specifically, Kurtz argued that the Trust had waived the three-day notice requirement of R.C. 1923.04 by accepting monthly rental payments after issuance of the three-day notice to vacate. The magistrate took the motion under advisement and proceeded with the hearing during which both parties submitted evidence in support of their respective positions.
 {¶ 4} On December 11, 2001, the magistrate issued his decision with findings of fact and conclusions of law in favor of Kurtz. The magistrate found that the Trust failed to present sufficient evidence to support its allegations of breach of the commercial lease. The magistrate also concluded that the Trust's acceptance of rental amounts subsequent to serving the three-day notice to vacate was "fatal to [the Trust's] case as a matter of law."
 {¶ 5} On December 27, 2001, the Trust filed objections to the magistrate's decision. The Trust did not object to the magistrate's determination that it waived its notice to vacate the premises by accepting rental payments subsequent to serving the three-day notice. Rather, its objections were limited to whether the magistrate had jurisdiction to address the merits of the underlying case once he had made this determination. No transcript of the proceedings were attached to the objections. No affidavit was attached to the objections.
 {¶ 6} On January 9, 2002, the trial court overruled the Trust's objections and approved and confirmed the decision of the magistrate in favor of Kurtz. This appeal was timely filed with the Trust raising four assignments of error.
 {¶ 7} "I. The trial court erred as a matter of law in finding the R.C. 1923.04 three-day notice served on appellee to be defective."
 {¶ 8} In its first assignment of error, the Trust argues that the trial court erred in finding that it waived service of the three-day notice because it accepted rental payments from Kurtz. We disagree.
 {¶ 9} As previously stated, the Trust did not raise any objections to the magistrate's decision in this regard. In fact, the Trust specifically stated that it did not challenge the trial court's decision with regard to this finding. A party's failure to object to a magistrate's decision in the trial court waives its right to appeal the matter. Asad v. Asad (1999), 131 Ohio App.3d 654. Under Civ.R. 53(E)(3)(b), "a party shall not assign as error on appeal the court's adoption of any findings of fact or conclusions of law unless the party has objected to that finding or conclusion under this rule."
 {¶ 10} Nonetheless, we find that competent and credible evidence exists to show that the Trust did waive its notice to vacate the premises. The record shows that the three-day notice was served on August 20, 2001. Rent checks were received and cashed on September 18, 2001 and October 19, 2001. The Trust's contention that these payments were for liabilities already incurred is not supported by the record since testimony was given that the minimum rent had been paid on the 15th of the month since the beginning of the lease.
 {¶ 11} The Trust's first assignment of error is overruled. Given our disposition of this assignment of error, we do not find it necessary to address the remaining assignments of error. App.R. 12(A)(1)(c).
Judgment affirmed.
MICHAEL J. CORRIGAN, P.J., and TERRENCE O'DONNELL, J., CONCUR.
KEY WORD SUMMARY
Forcible entry and detainer; R.C. 1923.04; three-day notice; magistrate's decision; failure to object.