JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Patricia Koenig (mother of Michael Koenig), appeals from the judgment of the Cuyahoga County Court of Common Pleas, Probate Division, which adopted the decision of the magistrate granting guardianship of the person of Michael Koenig to Beth Ann Reid.
 {¶ 2} This instant matter stems from a serious automobile crash involving Michael Koenig's vehicle, which resulted from a high-speed police chase on December 6, 2001 in North Ridgeville, Ohio. Koenig sustained severe head injuries and brain damage, which caused him to become mentally incompetent. The injury to Michael Koenig's brain caused an underlying psychiatric illness causing him to exhibit extremely unpredictable and aggressive behavior. Michael Koenig was treated at MetroHealth Medical Center in the head trauma unit from the date of the accident until March 27, 2002. He was then transferred to Health South in Erie, Pennsylvania for continued care. Michael Koenig would continue to require a high level of care and continuity of care until he could be discharged.
 {¶ 3} While at MetroHealth, Patricia Koenig, mother of Michael Koenig ("Patricia"), believed her son was receiving inadequate care and/or was being neglected by the hospital staff. She violated her son's treatment plan by providing him with unauthorized foods and releasing his restraints. As a result of the difficulties between Patricia and the hospital staff, a treatment contract was executed by Patricia and a hospital representative.
 {¶ 4} Applications for the appointment of a guardian of the person of Michael Koenig were filed by Patricia and by Beth Ann Reid of the Volunteer Guardianship Program. On April 24, 2002, a hearing was held in the Cuyahoga County Probate Court to determine the appointment of Michael's legal guardian. At the hearing, Patricia presented six witnesses who testified she had a very good, close relationship with her son. She in turn testified she was capable of serving as her son's guardian. She minimized the difficulties relating to Michael's care at MetroHealth and failed to provide completely accurate information regarding his alcohol, drug and anger management issues.
 {¶ 5} Beth Ann Reid, Coordinator of Client Services of the Volunteer Guardianship Program, testified as to her extensive background working with patients with mental illnesses and conducting case managements on the court systems and state hospitals. Reid is a registered guardian with the National Guardianship Association.
 {¶ 6} R.C. 2111.041 provides in pertinent part:
 {¶ 7} "(A) At the time of the service of notice upon an alleged incompetent, as required by division (A)(2)(a) of section 2111.04 of the Revised Code, the court shall require a regular probate court investigator appointed or designated under section 2101.11 of the Revised Code or appoint a temporary probate court investigator to investigate the circumstances of the alleged incompetent, and, to the maximum extent feasible, to communicate to the alleged incompetent in a language or method of communication that he can understand, his rights as specified in that division, and subsequently to file with the court a report that contains all of the following:
 {¶ 8} "(1) A statement indicating that the notice was served and describing the extent to which the alleged incompetent's rights to be present at the hearing, to contest any application for the appointment of a guardian for his person, estate, or both, and to be represented by an attorney were communicated to him in a language or method of communication understandable to the alleged incompetent;
 {¶ 9} "(2) A brief description, as observed by the investigator, of the physical and mental condition of the alleged incompetent;
 {¶ 10} "(3) A recommendation regarding the necessity for a guardianship or a less restrictive alternative;
 {¶ 11} "(4) A recommendation regarding the necessity of appointing pursuant to section 2111.031 [2111.03.1] of the Revised Code, an attorney to represent the alleged incompetent;
 {¶ 12} "(B) The report that is required by division (A) of this section shall be made a part of the record in the case and shall be considered by the court prior to establishing any guardianship for the alleged incompetent."
 {¶ 13} Pursuant to R.C. 2111.04 a court investigator was assigned to this case and filed a report. The report stated Michael Koenig had no known formal psychiatric history, but has exhibited violent and aggressive behavior and has had involvement in the legal system. The report indicated that, according to his parole officer, Michael was incarcerated for eight years for felonious assault and aggravated burglary. Furthermore, the parole officer identified Michael as having a history of drug and alcohol abuse. He found that Michael's condition required a high level of care, and the demands of his case management were greater than anticipated by Patricia. It was also the opinion of the investigator that Patricia was not prepared to manage the care of her son, and the appointment of a neutral, third party was strongly recommended.
 {¶ 14} On May 19, 2002, the magistrate's decision granted Beth Ann Reid's application for guardianship of the person of Michael Koenig, thereby denying Patricia's application. The probate judge issued an interim order granting guardianship to Reid, which would expire within 28 days. Notice was provided to Patricia by mail on May 9, 2002. Patricia never filed objections to the magistrate's decision. On May 29, 2002, 28 days after the issuance of the magistrate's decision and interim order of guardianship, the Probate Court adopted the magistrate's findings of fact and conclusions of law by issuing a judgment entry awarding guardianship to Beth Reid. On June 24, 2002, Patricia filed her notice of appeal. Reid filed a motion to dismiss the appeal in addition to her brief.
 {¶ 15} Appellant presents one assignment of error alleging plan error for our review:
 {¶ 16} "The Magistrate Committed An Abuse Of Discretion By Awarding Guardianship To Beth Reid And Denying Guardianship To The Mother, Patricia Koenig."
 {¶ 17} Civ.R. 53(E)(3) provides in pertinent part:
 {¶ 18} "(E) Decisions in referred matters. Unless specifically required by the order of reference, a magistrate is not required to prepare any report other than the magistrate's decision. Except as to those matters on which magistrates are permitted to enter orders without judicial approval pursuant to division (C)(3) of this rule, all matters referred to magistrates shall be decided as follows:
 {¶ 19} "* * *
 {¶ 20} "(3) Objections.
 {¶ 21} "(a) Time for filing. Within fourteen days of the filing of a magistrate's decision, a party may file written objections to the magistrate's decision. If any party timely files objections, any other party may also file objections no later than ten days after the first objections are filed. If a party makes a request for findings of fact and conclusions of law under Civ.R. 52, the time for filing objections begins to run when the magistrate files a decision including findings of fact and conclusions of law.
 {¶ 22} "(b) Form of objections. Objections shall be specific and state with particularity the grounds of objection. If the parties stipulate in writing that the magistrate's findings of fact shall be final, they may object only to error of law in the magistrate's decision. Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to the fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court'sadoption of any finding of fact or conclusion of law unless the party hasobjected to that finding or conclusion under this rule." (Emphasis added.)
 {¶ 23} Appellant failed to object to the magistrate's decision; therefore, appellant waives any error on appeal which could have been raised by timely objection. Civ.R. 53(E)(3)(b). Asad v. Asad (Cuyahoga County 1999), 131 Ohio App.3d 654-656. However, a recent trend has been to recognize plain error analysis in civil cases, such as the one sub judice, that involves a failure to object to a decision of the magistrate.
 {¶ 24} The Fifth Appellate District recently stated in In reLemon (Nov. 12, 2002), Stark App. No. 2002 CA 00098 at 29, "We note that authority exists in Ohio law for the proposition that appellant's failure to object to the magistrate's decision does not bar appellate review of `plain error.' See R.G. Real Estate Holding, Inc. v. Wagner (April 24, 1998), Montgomery App. No. 16737, Timber Creek Village Apts. v. Myles
(May 28, 1999), Montgomery App. No. 17422. See, also, Tormaschy v. Weiss
(July 6, 2000), Richland App. No. 00CA01. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, `rises to the level of challenging that legitimacy of the underlying judicial process itself.' See Goldfuss v. Davidson,79 Ohio St.3d 116, 122."
 {¶ 25} A trial court is vested with broad discretion to appoint a guardian of a person deeded incompetent. The standard of review for such matters is to determine whether the trial court abused its discretion in reaching its judgment. Absent a clear abuse of that discretion, the lower court's decision should not be reversed. Mobberly v. Hendricks (1994),98 Ohio App.3d 839, 845. The Ohio Supreme Court has explained as follows:
 {¶ 26} "`An abuse of discretion involves far more than a difference in opinion. The term discretion itself involves the idea of choice, of an exercise of will, of a determination, made between competing considerations. In order to have an `abuse' in reaching such determination, the result must be so palpably and grossly violative of fact and logic that it evidences not the exercise of will but the perversity of will, not the exercise of judgment but the defiance thereof, not the exercise of reason but rather of passion or bias.'" Id. at 8945-846, quoting Huffman v. Hair Surgeons, Inc. (1985),19 Ohio St.3d 83, 87.
 {¶ 27} An abuse of discretion implies more than an error of law or judgment. Rather, abuse of discretion suggests that the trial court acted in an unreasonable, arbitrary, or unconscionable manner. In re Jane Doe1 (1991), 57 Ohio St.3d 135; Blakemore v. Blakemore (1983),5 Ohio St.3d 217.
 {¶ 28} The testimony and the report of the court investigator clearly reflects there were concerns pertaining to appellant's ability to care for her son's health and mental needs. Specifically, appellant clandestinely provided prohibited food to her son despite his need for pureed food. Appellant was disruptive and interfered with the care of her son to the extent that a behavior contract was executed between herself and the hospital. Appellant minimized or withheld pertinent information regarding her son's alcohol, drug and violence issues.
 {¶ 29} Appellant's primary reason for desiring guardianship of her son is that she is his natural parent; however, R.C. 2111.02
does not provide for a preference for the natural parent.
 {¶ 30} The magistrate's decision was premised upon who would be the most suitable and qualified candidate as guardian. We find no abuse of discretion in the magistrate's decision to appoint Beth Reid as guardian over Michael Koenig; therefore, plain error does not apply.
 {¶ 31} Appellee's motion to dismiss is overruled. Appellant's assignment of error is overruled.
ANN DYKE, P.J., AND JAMES J. SWEENEY, J., CONCUR.